All right, the first case we're going to hear is Powell v. Palisades Acquisition, and Mr. Brower, we'll hear from you. Good morning, Your Honors, and may it please the Court. The question to be answered today is whether a debt collector's filing of an assignment of judgment is subject to the FDCPA and MCDCA. When the debt collector is not the absentee and the document states inflated amounts owed. Now, in answering this question, it's important first for the Court to consider the text of the Fair Debt Collection Practices Act and ground its opinion in well-rooted precedent in the FDCPA. And what that precedent tells us is that the FDCPA is a remedial statute that should be construed liberally in favor of the consumer. The Court should not draw narrow lines to protect debt collectors, but rather broad lines to protect consumers. And in this particular case, the District Court erred for two reasons. The first being that an assignment of judgment filed in a District Court debt collection post-judgment enforcement procedure is a communication, or rather is not a communication, but rather only needs to be an attempt to collect the debt or in connection with an attempt to collect the debt. And second, this assignment of judgment, when false, is materially misleading to the least sophisticated consumer. Now, with respect to the first point, the District Court ignored precedent in plain meaning of the text and required that an assignment of judgment be a communication. But if we look to the text of the FDCPA first, we see that only one section of the FDCPA, that's 15 U.S.C. 1692C, addresses communications and 1692C claim was not pled in this case. Rather, the claims were under 1692E and 1692F. E covers false, deceptive, or misleading representations or means, phrased broadly, or means in connection with the collection of the debt. And 1692F, again, broadly just covers means to collect or attempt to collect the debt. Now, the action or the act taken by the debt collector does not need to be a communication specifically. And generally, starting with the Supreme Court's opinion in Hines v. Jenkins, debt collection litigation proceedings have been held to be actionable under the FDCPA as being actions in connection with the attempt to collect the debt. Cited numerous cases in that brief, starting from the filing of the complaint, affidavits filed with the complaint and motions, interrogatories, motions for summary judgment. All of these litigation steps have been held to be actionable under the FDCPA. Now, when it comes to an assignment of judgment, the only difference here is an assignment of judgment is a post-judgment enforcement pleading, so to speak. And under the Maryland rules, under Maryland Rule 3-624, when an assignment is filed, the judgment may thereafter be enforced in the name of the assignee to the extent of the assigned interest. Now, what this means is that if a judgment is assigned, the new assignee, before they are allowed to use post-judgment enforcement mechanisms sanctioned by the court to collect, must first file this document assignment of judgment to alert both the consumer and the court that this new debt collector is the new assignee. Consequently, an assignment of judgment is a necessary step. It is a necessary procedure for a new debt collector to attempt to collect the debt through post-judgment enforcement mechanisms such as, for example. If we agree with you and you make some good points, there was an affirmative defense asserted in this case under 1692K for unintentional error. And the district court characterized it as that, although they really didn't address it. Should there still be the possibility of developing that aspect of the case if we agree with you? In other words, doesn't K say if the error is unintentional, it's a mistake, that that's a defense? I disagree with Your Honor's interpretation of K. K is a bona fide error defense, and courts have generally stated that the FDA. Well, I'm not saying it applies, but I'm saying it was raised, it was presented as an affirmative defense, and the court discussed it briefly, maybe even in a footnote. But K says a debt collector may not be held liable in any action brought on this subject if the debt collector shows by preponderance evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance procedures, et cetera. And as I understood the record in this case, there was a paralegal error in transferring the data to a template that the attorney relied on, and he acknowledged the error and said it was a mistake, and the district court seemed to refer to it as an unintentional error. My question is, should the district court now have to address that defense if we agree with you on the fact that the assignment is a debt collection activity covered by the Act? To a certain extent. Again, the posture of the case below is just on summary judgment, and there's at least a dispute of material fact as to whether there was a bona fide error. Oh, I agree. And your point is, I gather you would like to be able to address whether it's bona fide and develop that further. Yes, Your Honor. Correct. Correct. And in this case, there's at least a dispute of material fact as to whether it was bona fide or not, although the paralegal acknowledged there was an error. Generally, precedent on bona fide error is stated that the debt collector must maintain some type of quality control check, some type of procedures to double check and verify whether the data and the processes used by the debt collector to collect the debt are accurate or not. In this case, the deposition testimony of Mr. Whiteman basically establishes that data is uploaded by this debt collector. Paralegals may do this, that, or the other thing, but the data is never double checked for accuracy. And when, in fact, this assignment of judgment was filed, it was never double checked by the attorney before signing the assignment of whether or not the information contained in it was actionable or not. With respect to the assignment itself, just a few more points I would like to make. Well, it looks pretty clearly that the debt was $8,200 plus pre-judgment interest of $1,011. And when you combine those two, that's $10,497. And that's what the paralegal put in, $10,497, and then added in attorney's fees, which got to too much. And the actual debt should have been lower. No, all three numbers add to four. She added all three numbers together. It's the exact number, $10,497, and then added on the attorney's fees in addition to that. Correct. What ended up appearing on the assignment of the document was a slightly inflated amount, effectively double dipped on the attorney's fees. All the amounts were combined to about $10,000. And then another $1,000 in attorney's fees was added on for a total of $11,000, when, in fact, the assignment should have only stated $10,000. And this, in fact, is a material misrepresentation under the FDCPA. First, under the FDCPA, the least sophisticated consumer test is purely objective. It does not inject subjective elements with respect to materiality. The assignment must only mislead the least sophisticated consumer into believing something is true or perhaps to influence the consumer to take immediate action to correct the misstatement. Under this circuit's decision in the National Financial Services case, a least sophisticated consumer in the FDCPA protects the gullible consumer as well as the shrewd. And a gullible consumer is one who, when you tell them something, they would say, yes, that's true. Or in this case, perhaps when we're dealing with an old assignment, people may forget what they have paid and what they haven't. And on this assignment of judgment, the false statements are that the amount is actually essentially $11,000 when it's really $10,000, which a gullible person may take that at face value. It also failed to record the payments, $2,700. Correct. Correct, Your Honor. It stated payments totaling $0. And over the passage of time, gullible consumers, unsophisticated consumers, which the Seventh Circuit has said is literally the most unsophisticated person on the ring, may not have the means or may not remember what they have paid or perhaps they thought they paid another debt. Counsel, when the misrepresentation lies in numbers like this, what's the bright line? What if it was $100 off?  Absolutely, Your Honor. The bright line, and in fact, it was a… The bright line has to be exact. Perfect number? Yes, Your Honor. Generally, precedent has stated that if the debt collector asks for a dollar more, a penny more than they are owed, that is a misrepresentation under 1692E2A. I guess the question is, is $0.33 overstatement material? Yes, Your Honor. It would lead the least sophisticated consumer to pay $0.33 more than is owed. You don't need to make that claim, and I think you're pushing the line pretty hard. How about $0.01 over or $0.03? The 4 turned into a 7 on the document, and it's $0.03 too much. Is that material? Yes, Your Honor. We have to draw the line somewhere. I understand, but materiality is something we always assess. It's a little bit like objective reasonableness. I mean, courts assess those things, but I must say, when you argue for such a hard rule of $0.03 over is material on a $10,000, $11,000 judgment. Well, in this case, Your Honor, it's $1,000 over, and… Well, I understand. That's your argument, and it actually may even be more because it didn't show the $2,700. Correct, Your Honor. Yeah, all right. So we're dealing with the thousands of dollars, and with respect to the bright line, I think the bright line does have to be drawn at any amount over because various amounts of money matter to different people. $100 matters to people who, quite frankly, don't have a lot of money, and we're dealing with a standard that should be tailored towards unsophisticated consumers, many of whom are likely to not be of great means. If there has to be a line drawn here, it should be a bright line drawn at any amount more than that that is due in this case. One other point on materiality, the district court's opinion also erred because it objected subjective belief or really was essentially injecting reliance into the least sophisticated consumer standard. The district court found that the standard was a least sophisticated consumer who did not believe they owed the debt. That was injecting Ms. Powell's subjective belief from the deposition into that standard, and it was effectively putting in the common law fraud reliance element into the test. Now, Congress, when they passed the FDCPA in its FDCPA Statement of Purpose in Section 1692, says that existing laws are inadequate, and that was the whole reason this statute was passed. Now, Congress was not intending to duplicate the elements of common law fraud here, so it doesn't matter whether or not the consumer was relying on the misrepresentation, but rather whether the hypothetical least sophisticated consumer who is gullible may find that several thousand dollars overstatement is true and effectively overpay by several thousand dollars more. And more to the point, the issue of whether the assignment of judgment is false or not has already been finally and fully determined by the state courts in Maryland. The case began in the state district court of Maryland. It was appealed to the circuit court, which affirmed the district court's opinion that Palisades did not have an assignment and that the amount on the assignment was false. Well, they didn't have sufficient evidence of the assignment. There's no doubt there was an assignment. This record makes it almost conclusive. The problem in the state court was the evidence presented didn't adequately state that Palisades had the assignment. I mean, the assignment's right in the record. Your Honor, I don't think they can relitigate that issue and come forward with better evidence in federal court once they are sued to say, oh, look, no, we really had the evidence. They had their opportunity when that issue was presented in state court. That wasn't being tried then, and she won that case, and she got her debt wiped out as a course of it. But what the court concluded was the evidence was insufficient to show the assignment, and therefore, Palisades lost. But to come back in federal court and argue there was no assignment when the record has a copy of the assignment, and no one has alleged that it's fraudulent on its face, the execution of the assignment, I don't think it goes very far. Your Honor, the judgment itself in the record has an X struck through it, and it's vacated. She doesn't owe money to anyone. And with respect to the — Can I ask you about that? How did the remedy for any defect in the assignment become to strike the judgment? The district court considered that, Your Honor. Can you just explain very briefly how you get from a bad assignment of a judgment to the whole judgment's no good? Well, the district court found that Palisades didn't have evidence, considered, well, then, who would be able to enforce the judgment and considered — But that wasn't before the district court, was it? Shouldn't have been. I understand you went in on a motion for fraud, irregularity, et cetera, but you weren't really attacking the judgment. You were attacking the assignment of the judgment. It's just a curiosity. That's all. My time is up, Your Honor. May I answer briefly? Why don't you hold it until rebuttal? Thank you, Your Honor. All right, Ms. Palisades. Good morning, Your Honors. May it please the Court, my name is Megan Galese. You're going to have to pick it up a little bit. I'll pull the microphone to you, but we'd like to be able to hear what you're saying. May it please the Court, my name is Megan Galese, and I'm appearing on behalf of — I'm sorry, I still can't hear you. I'm sorry, Your Honor. My name is Megan Galese, and I'm appearing on behalf of the appellees Palisades Acquisition 16 LLC and Fulton Freeman and Galese LLP. I'd like to begin by addressing the materiality argument. The least sophisticated consumer standard may be different in degree from a reasonable person standard or a reasonably prudent person standard, but it is not a different type of standard. It doesn't require that a court examine the least sophisticated consumer and the conduct in question and a vacuum — Galese, I'm having a lot of difficulty hearing you. I don't know how we can improve this, but if you can speak as if there is no microphone and you're trying to reach me here, that would help a lot. I don't want to cause you difficulty, but I do want to hear what you have to say. Okay, I'm sorry. I will try to speak louder. The least sophisticated consumer standard may be different in degree from a reasonable person standard or a reasonably prudent person standard, but it is not a different type of standard. It doesn't require that a court examine the least sophisticated consumer and the conduct in question in a vacuum to decide whether the statute has been violated. The district court properly concluded that a reasonably least sophisticated consumer who did not believe she owed a debt would not have chosen any different course of action, no matter what numbers had been stated in the assignment of judgment. Most consumers who fail to pay debts just sit on the couch, and there may be a very material misrepresentation, and they wouldn't have acted differently whether it was correct or fraudulent. Does that mean because they wouldn't have acted differently because they just sit in there like bumps on the log mean it's not material? Well, here we have a representation that overstates the debt by over $3,000, maybe close to $4,000, which is fairly significant with respect to about an $11,000, $12,000 debt. I disagree with Your Honor. The assignment of judgment does not state the current balance of the debt. The assignment of judgment that was filed in the state court action was a court form, and from the information that was contained in the court form, it is not possible to determine what the current balance of the debt is because it makes no mention of post-judgment interest, and it does not contain any field where you can input the amount of post-judgment interest that has accrued. Didn't it have a zero next to payments made? It did, Your Honor. And isn't that in and of itself material? She made $2,700. A consumer cannot preemptively or proactively file a lawsuit under the FDCPA. Upon receiving the assignment of judgment, a least-sophisticated consumer could have pursued any number of courses of action, including contacting the new owner of the debt to inquire about the inaccuracy. I know, but that's a different issue than your argument. You started off by saying the failure to include $2,700 on this debt was not material. And I'm suggesting to you that the fact that the consumer just sat on there or wouldn't have acted differently if it were stated different numbers is not the test, cannot be the test for materiality. But, Your Honor, the failure to credit the payment was limited to the assignment of judgment. In the records of the appellees, they had credited the $2,700. Except the document said zero. It had a number in the blank spot, right? It did. Okay, now, if they said nothing about payments, had no line at all, you have a better argument. But there was an actual line representing how much she paid. And they put zero there instead of $2,700. Now, that's a misstatement, isn't it? It's inaccurate, but it doesn't result, in this instance, it doesn't result in any detriment to the consumer because the appellees did have a record of her payments and had credited the payments to her. What in the statute or the precedent requires, quote, detriment to the consumer under the least sophisticated debtor or consumer test? Well, my point is that she, Ms. Powell, jumped the gun in filing the lawsuit. Sounds like what you're saying is, oh, this would have all been worked out in the end. Is that essentially what you're saying? She filed the lawsuit, and by the way, she didn't file a lawsuit. She filed a motion to vacate, correct? Yeah, she did. And so what your argument is, if she just talked to us and we had taken a closer look at our records, it all would have been worked out. No, my point is that even if she had done nothing, even if a least sophisticated consumer had done nothing upon receiving the assignment of judgment and the judgment had ultimately been enforced, the appellees would have enforced it in the amount contained in their own records and then satisfied the judgment after receiving much less than Ms. Powell actually owed. And that's not a violation of the Fair Debt Clause. I don't know why you're so sure about that. But at least hypothetically, debtors have all kinds of garnishments. And so it seems to me it's not fanciful to think that a debtor in Ms. Powell's position could easily have an amount in excess of what was actually owed. But those aren't the facts of the case, Your Honor. The appellees didn't attempt to collect any amount that Ms. Powell didn't owe. Well, that's a separate issue. The question is whether the filing and serving of the assignment was in connection with an attempt to collect the debt. But you didn't want to talk about that. Or at least initially, you wanted to go directly to materiality. I will get to the collection activity argument. The assignment of judgment doesn't amend the judgment, and it doesn't give the assignee the right to enforce the judgment incorrectly. And even a really sophisticated consumer had to do it. Well, wasn't the assignment debt collection activity, wasn't it one of the steps that had to be taken to collect the debt? I disagree with it being collection activity, and I can turn to that argument. Why do you think they filed the assignment? Well, Colton Freeman Anglici is the attorney for Palisades Acquisition, and the attorney has an obligation to protect his client's interests. Mr. Whiteman testified that a purpose in filing the assignment of judgment was to avoid leaving the judgment vulnerable to vacator, which would have been a concern as the original judgment creditor no longer existed and the attorney's office that represented it no longer existed. And those were the only entities associated with the judgment in the court's record. What about the affirmative defense? You didn't seem to press that in your motion to the district court. You raised it as an affirmative defense in your complaint, and it was sort of alluded to in passing. The court talked about it as an error. But it seems to me this whole case, if you were to center this whole case and ask about whether your client has responsibility, the real answer is we made a mistake in our assignment. We misstated the amount, but it was an administrative error created by a paralegal in transferring data. And we are sorry about that, but that doesn't create liability. Isn't that really where you are in this case? And I didn't see you make that kind of argument. It is true that it was a clerical error and that it was intentional, and the appellees are entitled to the bona fide error defense. I disagree that the – Did you raise that as a principal point in the motions before the district court? The appellees did raise the issue of the bona fide error defense, yes. And you think the district court ruled on that? I don't believe the district court ruled on it, no, Your Honor. And just, I would point out that even if a least sophisticated consumer viewed the assignment of judgment as a statement of what was due, Ms. Powell owed every dollar that was dated in that assignment and then some. I will now turn to the collection activity argument. Filing the assignment of judgment was not collection activity because it did not contain a demand for payment, nor does the filing of an assignment of judgment act as an inducement to pay the debt. Complaints and motions for judgment seek the entry of judgment. Well, the statute is pretty broad. It's not related to just the communication. It's any misleading representation or means in connection with. That's pretty broad. And if we were – you seem to think that the assignment from one company to another, which is necessary to collect the debt and actually would – did result, I guess in this case, in some garnishments and so forth, that that's not a representation or means in connection with collection of debt. Well, in order for the filing of an assignment of judgment to lead to payment of the debt, there have to be attachable assets and there have to be additional filings with the court. Sure, but it's – because of rules and procedures, you have to do it in steps. Your argument would be that if it could all be done in one document, that you file the assignment, you file a garnishment, you file an attachment, all in a single document, then there would be a violation. Is that the point? Well, the Sixth Circuit in the Gurdon case stated that when there is no direct demand for payment, something has the requisite connection to collection to itself be considered collection activity if it aims to make any attempt at collection more likely to succeed. The filing of an assignment… This was not only more likely. It was necessary to file this in order to collect, wasn't it? It's not the purpose of the – the filing of an assignment of judgment is a ministerial step which records the new holder of the judgment and permits him to file enforcement papers in his own name without having to amend the caption. It doesn't cause assets to be discovered. It doesn't inherently put pressure on a judgment debtor to pay the debt, and it might never lead to collection of the debt. The assignee has the right to enforce the judgment by virtue of having acquired all right, title, and interest to the judgment by the assignment, not by virtue of the filing of the assignment of judgment with the court. Counsel, do you agree that when you file an assignment, it's spread on the record of the court? It becomes a public notice of a right when the assignment is filed with the court, right? Spread on the record of the court? Yes, Your Honor. Okay. So if you have a job and you hear the floor, you haven't paid the debt, but you know that now it's been assigned, you don't want to be garnished, doesn't that induce you perhaps to pay the debt now? But so the judgment, the assignor of the judgment could have enforced the judgment also. I mean, nothing has changed by filing the assignment of judgment. It doesn't become more due or more enforceable. I mean, once a judgment is entered… Yes, it does. It means that somebody now is paying attention to it. I mean, it would have to. The common sense of it is now this thing is active. If someone is filing something in the court, acknowledging the assignment is debt, and the next step would be garnishment. Most people know about garnishment. That's the one that you lose your job. And that's the biggest weapon of debt collectors, to be able to say, I'm going to garnish your pay. Why wouldn't that at least be inducement? Part of inducement. Even like you said, maybe it might be somewhat superfluous, but it is inducement, isn't it? There's nothing in the language of the assignment of judgment itself which suggests that the assignee can now enforce the judgment. And as I said, the judgment, the original judgment creditor could enforce the judgment as well. I mean, nothing has changed. The motion for summary judgment on the debt, that's not the collection of a debt. It's a preliminary step in order to get a judgment to enforce. Didn't we hold in Syed that the motion for summary judgment was a collection activity? A summary judgment seeks entry of judgment. That's an imminent negative consequence that someone could be… It seeks entry of a judgment also, in a sense that it puts it in a different person's name. But it seeks entry of judgment, which is an imminent negative consequence which someone might be induced to avoid by payment of the debt. Once the judgment is entered, the negative consequences of that fact are ever present. There's always going to be someone who can enforce it. What if you took a Baltimore City judgment and recorded it in the circuit court for Anne Arundel County? Would that satisfy the statute, just recording a judgment from a neighboring jurisdiction? No, I don't… It wouldn't? The recording of a judgment… I'm sorry, I guess I don't understand your question. Well, in order to get a judgment enforced against real property in Maryland, you have to record it in each county where there's real property. So Judge Davis' question is, if the judgment is entered in Baltimore City and the land, the person's land has some land down on the beach in Anne Arundel County, and they go and file the judgment in the circuit court for Anne Arundel County, it now becomes a lien against that property. And his question is, is that a debt collection activity to record the judgment in Anne Arundel County? I don't know, Your Honor. I'm not here to answer that. Well, under the principle you're advocating, would it be? It sounds to me like if you're being consistent, you would have to argue it's not. And you would also have to argue that even a motion for summary judgment to reduce the debt to judgment is not, because it's not the collection of the debt. It's the preliminary step of getting the judgment before enforcement. Well, as I said, as the Sixth Circuit said, in order for something to be in connection with the collection of a debt, it has to make an attempt to collect the debt more likely to succeed. Well, don't you think getting the assignment in the right person, filing their assignment in the name of the right person who owns the thing is necessary to collect the debt? It may be a step towards collection, but it doesn't make collection more likely to succeed. It makes it, it's necessary, not only more likely, it's essential. But it doesn't increase, I mean, you can file an assignment of judgment and never get paid. Well, summary judgment, you can get a judgment and never get paid. Or recording the judgment, Baltimore City judgment in Anne Arundel County, you'll never get paid. But that establishes that the judgment is due. There's nothing inherent about an assignment of judgment that puts pressure on a judgment debtor to pay the debt. She was sent a copy, wasn't she? She was, yeah. The district court likened the assignment of judgment to a proof of claim filed in a bankruptcy proceeding. The purpose of a proof of claim is to establish the amount owed to the claimant. Maryland Rule 3624 does not state that upon filing an assignment of judgment, the assignee establishes the amount owed. And as I've already stated, you can't possibly state the current balance in the court form that was filed in the state court collection action. And once you file a proof of claim, you get paid. And as I've been trying to point out, filing the assignment of judgment does not result in payment of the debt. And if filing a proof of claim is not a collection activity, then certainly filing an assignment of judgment is not. Which court held that filing a proof of claim is not a debt collection activity? Lower court in the District of Maryland. Has that ever – do we have any Fourth Circuit precedent, a circuit precedent that reaches that conclusion? No, Your Honor. That concludes my remarks. The courts have no further questions. Pardon me? That concludes my remarks, Your Honor. Oh, okay. Well, thank you. Thank you very much. We'll have some rebuttal from Mr. Brower. Thank you, Your Honor. I actually wanted to begin clearing up the bona fide error issue. On the court's opinion at JA 606 footnote 12, the court did note that although the defendants argue that they are entitled to a bona fide error defense, that affirmative defense does not apply to errors of law because the defendants made an error – That's very peculiar to me. I can't see how it was an error of law when the paralegal mistransposed the wrong number into the template. It was an error of what amounts are included in a judgment. Attorney's fees are not included in a judgment. So by essentially putting the attorney's fees in with the judgment and then asking for an additional $1,000 plus in attorney's fees, that was the error of law. Well, there's also the misstatement of failure to pay $2,700. Correct, Your Honor. And at the end of the day, what we're dealing with here as far as – And I can't see how those are errors of law when somebody transposes. The error was created by a paralegal's filling out a template that was used by the attorney in the collection effort. And under the bona fide error standard, the error – it's not just a mistake, but it must be bona fide. They must have procedures in place to double check what paralegals are doing and make sure that they're doing it accurately or anyone else – There's a weird rule of law that called an arithmetic error an error of law. Perhaps, Your Honor. But the bigger point is that the error must be bona fide. And when there are no quality control procedure checks on what paralegals are doing or there's no checking of the integrity of the data in a debt collector's system, when the attorney is just simply signing a standard form pleading that's put in front of them, the data are put into – when the Maryland rules require that an attorney sign a pleading, having reviewed it and knowing that there's good cause to file it, there's no bona fide error. Because it was an error of law, then we should probably say that if we send the case back. Because otherwise – you agree, I think. I think you agree with Judge Neumeyer that if it's not an error of law, then it's available to the defendants when this case goes forward before a jury. But if I understand your argument now, you're saying the district court has taken that issue out of the case. The district court did take the issue out of the case. But my only argument is that there's still a dispute of material fact, that this court should not overturn the district court and then find that a bona fide error exists. No, I understand that. I understand that. But you understand my point is – Yes, Your Honor. If, as you say, the district court has taken it out of the case, maybe if we send it back, we should put it back in the case if we are convinced it's not an error of law. If Your Honors are convinced it's not an error of law, then you are correct, Your Honor. Counsel, the judgment didn't reflect any payments, did it? Could you repeat the question, Your Honor? The judgment did not reflect any reductions for payments. No, Your Honor. The judgment reflected no reductions for payments. All right. There were at least 27. So in that case, if there was no error in doubling the attorney's fees, you wouldn't have a case merely because there's zero for payments, would you? We would have a case. Why would you have a case? Would it be correct? They purchased paper. They purchased a judgment for amount of money. And if they accurately reflect what that judgment said, which did not reflect payments, because you have to live and die about the first act of an attempt, you're saying that the first act is filing the assignment in collection. Let's assume that's correct. Well, what is the error if they said, no, I'm giving you exactly what the judgment we purchased said? This was the amount. It didn't reflect payments at all. Why would there be a false statement just in that? As counsel said, I think correctly, and that is if they try to collect more, didn't reflect that. But right now we're just talking about, did you accurately record what that judgment said and give it for the purpose of an assignment? Would you have a case if all they did was did not reflect payments? That's the question. Can I clarify one thing to make sure I understand? Can you clarify my question? They said payment zero dollars. So is your hypothetical if all they did was write down the amount of the judgment and said nothing about payments? Or whether in the facts of this case, if they had written down the amount. In this case, if that's a form that had payments on there, which would be available, I suppose, if the judgment reflected it. Since it didn't, it is zero. So, yes, even if it said payment zero. In this case, payments were $2,700. Yeah, but that's not the question. The question is, they have an assignment. Did they accurately say what that judgment said? Because you've got to live and die by that. That's all they did in the act. They didn't try to collect any amount, as counsel correctly stated. What they're saying is that we said this is the paper we purchased, which is a judgment. These are the numbers that came from that judgment. There was no reflection of payment. Zero is accurate. But in the facts of this case, Your Honor, they stated more than the amount of the judgment. They double dipped on the attorney's fees. I thought in my hypothetical, I said if there were no mistake as to doubling the attorney's fees. The judgment amount was accurately stated, and they put payments and said zero because the judgment didn't reflect any. They're just purchasing paper. For example, you've got to think of that world, that industry. Someone is telling them what their judgment is. Listen, I have a judgment. How much will you give me for this judgment? They say, okay, I'll give you this. Well, you know, the people may not always accurately state what the amounts of the payments were. So they purchased paper. So at this point, why are they going to cut themselves short and put down payments if the judgment doesn't say that? Now, the burden would be on them if they try to collect more, and it's fine in effect there. But at this point, this is a matter of transferring numbers to an assignment, and the numbers would not be incorrect. It doesn't reflect payment. It's zero because this is a form. It's because some judgments, they may say credit for payment. This one didn't. So you can't have your cake and eat it too. Mr. Broward, wasn't this an assignment, a judgment under Maryland rule, which requires the assignment to be filed everywhere where a lien is filed, and it requires that payments be shown on the face of it? And in this case, the assignment did indicate affirmatively that no payments were made. In other words, when it's a lien against real estate in Maryland, and you just record the whole judgment with not reflecting payments, it will misrepresent the scope of the lien, and the rule under which this is filed, 3-624, requires that it also be given to follow the lien route that was originally filed and show the reductions of the judgment. That's absolutely correct, Your Honor, and in this case, the lien would have stated an inflated amount. And I see my time has expired if there are no more questions. Thank you, Your Honors. All right. We'll come down and greet counsel and proceed on to the second case.
judges: Paul V. Niemeyer, Roger L. Gregory, Andre M. Davis